Cristina Perez Hesano (#027023)
**PEREZ LAW GROUP, PLLC**
7508 N. 59th Avenue
Glendale, AZ 85301
Telephone: 602.730.7100
Fax: 623.235.6173
*cperez@perezlawgroup.com*

*Attorneys for Plaintiffs and the Proposed Class*
[Additional counsel listed on signature page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Pelt and Barry Pelt, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Medical Management Resource Group, LLC, d/b/a American Vision Partners<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Latricia Pelt and Barry Pelt, individually and on behalf of all others similarly situated, bring this Class Action Complaint and allege the following against defendant Medical Management Resource Group, L.L.C. d/b/a American Vision Partners ("MMRG" or "Defendant"), based upon personal knowledge with respect to Plaintiffs and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters.

## NATURE OF THE ACTION

1.      Plaintiffs bring this class action against MMRG for its failure to properly secure Plaintiffs' and Class Members' personally identifiable information ("PII") and personal health information ("PHI"). The PII and PHI may have included victims' names, contact information, dates of birth, certain medical information (e.g., services received, clinical records, and medications), and in certain cases, Social Security numbers and insurance information.

2.      MMRG failed to comply with industry standards to protect information systems that contain PII and PHI. Plaintiffs seek, among other things, orders requiring MMRG to fully and accurately disclose the nature of the information that has been compromised and to adopt sufficient security practices and safeguards to prevent incidents like the disclosure (the "Data Breach") in the future.

3.      MMRG disclosed having become aware of outsiders having accessed Class Members' data on November 14, 2023. But it did not disclose the incident until February 6, 2024, when it reported having sent notification letters to people whose PII and PHI was exposed by the Data Breach.

4.      MMRG knowingly obtained sensitive PII and PHI and had a resulting duty to securely maintain that information in confidence. Plaintiffs and Class Members would not have provided their PII and PHI to MMRG if they had known that MMRG would not ensure that it used adequate security measures.

5.      Plaintiffs seek to remedy these harms individually and on behalf of all other similarly situated individuals whose PII and PHI were exposed in the Data Breach. Plaintiffs

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

seek remedies including compensation for time spent responding to the Data Breach and other types of harm, free credit monitoring and identity theft insurance, and injunctive relief including substantial improvements to MMRG's data security policies and practices.

## PARTIES

6.      Plaintiff Latricia Pelt is a resident of Sun City, Arizona. Ms. Pelt received a letter from MMRG dated February 15, 2024, which reported that the Data Breach resulted in the disclosure of information that "may have included [her] name, contact information, date of birth, certain medical information (e.g., services received, clinical records, and medications) and insurance information."

7.      Plaintiff Barry Pelt is a resident of Sun City, Arizona. Mr. Pelt received a letter from MMRG dated February 15, 2024, which reported that the Data Breach resulted in the disclosure of information that "may have included [his] name, contact information, date of birth, certain medical information (e.g., services received, clinical records, and medications) and insurance information."

8.      Defendant Medical Management Resource Group, L.L.C. is an Arizona corporation, with its principal place of business in Tempe, Arizona.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class is a citizen of a state other than Arizona, there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

10.     This Court has personal jurisdiction over MMRG because MMRG maintains its principal place of business in Arizona and conducts substantial business in this District through its principal place of business; engaged in the conduct at issue herein from and within this District; and otherwise has substantial contacts with this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and because MMRG resides in this District, and this District is where a substantial part of the acts, omissions, and events giving rise to Plaintiffs' claims occurred.

## FACTUAL ALLEGATIONS
### The Data Breach

12.     MMRG claims to "partner with the most respected ophthalmology practices in the country and integrate a best-in-class management system, infrastructure and technology to provide the highest-quality patient care."[1] MMRG "serves communities throughout Arizona, New Mexico, Nevada, California and Texas.."[2]

13.     Due to the nature of the services it provides, MMRG acquires and electronically stores PII and PHI. MMRG was therefore required to ensure that PII and PHI were not disclosed or disseminated to unauthorized third parties without Plaintiffs' and Class Members' express written consent.

14.     On February 6, 2024, MMRG issued a press release disclosing that it had

---

[1] American Vision Partners, available at https://americanvisionpartners.com/ (last visited Mar. 15, 2024).

[2] *Id.*

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

"detected unauthorized activity on certain parts of its network" on November 14, 2023.[3] MMRG further reported that "[o]n or around December 6, 2023, MMRG determined that, in connection with the incident the Company detected on November 14, the unauthorized party obtained personal information associated with patients of" certain unspecified ophthalmology practices.

15.   Concurrent with that disclosure, MMRG reported to the U.S. Department of Health and Human Services Office for Civil Rights that 2,350,236 individuals were affected.[4]

16.   MMRG's disclosures are otherwise deficient. They do not include basic details concerning the Data Breach, including, but not limited to, why PII and PHI were stored on systems without adequate security, the deficiencies in the security systems that permitted unauthorized access, whether the data was encrypted or otherwise protected, and what MMRG knows about the degree to which the data has been disseminated.

17.   MMRG has not disclosed nearly all the details of the Data Breach and its investigation. Without such disclosure, questions remain as to the full extent of the Data Breach, the actual data accessed and compromised, and what measures, if any, MMRG has taken to secure the PII and PHI still in its possession. Plaintiffs seek to determine the scope of the Data Breach and the information involved, obtain relief that redresses the harm to Plaintiffs' and

---

[3]   MMRG Notifies Patients of Cybersecurity Incident, available at https://www.businesswire.com/news/home/20240206060527/en/MMRG-Notifies-Patients-of-Cybersecurity-Incident (last visited Mar. 15, 2024).

[4]   Breach Portal: Notice to the Secretary of HHS Breach of Unsecured Protected Health Information, available at https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last visited Mar. 15, 2024).

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

Class Members' interests, and ensure that MMRG has proper measures in place to prevent similar incidents from occurring in the future.

**MMRG's Security Representations**

18.     MMRG's website includes a sparse and vague "Privacy Policy," which informs patients of their right to "[g]et a list of those with whom we've shared your information."[5]

19.     That Privacy Policy includes a list of the reasons why MMRG might use and share patients' information.[6] That list does not account for the disclosure of PII and PHI to unauthorized outsiders.

20.     Additional information regarding MMRG's privacy practices is available only in its "detailed Notice of Privacy Practices," which is not on its website, or via its "compliance officer," who is evidently reachable only by telephone.[7]

**MMRG Stores Plaintiffs' and Class Members' PII and PHI**

21.     MMRG obtained and stored a massive amount of PII and PHI. As a condition of using MMRG's services, it required that clients entrust it with highly confidential PII and PHI.

22.     By obtaining, collecting, using, and deriving a benefit from Plaintiffs' and Class Members' PII and PHI, MMRG assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiffs' and Class Members' PII and PHI from disclosure.

---

[5] Privacy Policy, available at https://americanvisionpartners.com/privacy-policy/ (last visited Mar. 15, 2024).

[6] *Id*.

[7] *Id*.

23.     Plaintiffs and Class Members have taken reasonable steps to maintain the confidentiality of their PII and PHI, and relied on MMRG to keep this information confidential and securely maintained, and to make only authorized disclosures of this information.

**PII and PHI are Valuable and Subject to Unauthorized Disclosure**

24.     MMRG was aware that the PII and PHI it collected are highly sensitive and of significant value to those who would use it for wrongful purposes.

25.     PII and PHI are valuable commodities to identity thieves. As the FTC recognizes, identity thieves can use this information to commit an array of crimes including identify theft, and medical and financial fraud.[8] Indeed, a robust illegal market exists in which criminals openly post stolen PII and PHI on multiple underground websites, commonly referred to as the "dark web."

26.     The ramifications of MMRG's failure to keep Plaintiffs' and Class Members' PII and PHI secure are long-lasting and severe. Once PII and PHI are stolen, fraudulent use of that information and damage to victims may continue for years. Fraudulent activity might not show up for months or even years thereafter.

27.     Further, criminals often trade stolen PII and PHI for years following a breach. Cybercriminals can post stolen PII and PHI on the internet, thereby making such information publicly available.

---

[8] Federal Trade Commission, What To Know About Identity Theft (available at https://consumer.ftc.gov/articles/what-know-about-identity-theft) (last accessed Mar. 15, 2024).

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

28.     MMRG knew, or should have known, the importance of safeguarding PII and PHI entrusted to it and of the foreseeable consequences if its data security systems were breached. This includes the significant costs that would be imposed on Plaintiffs and Class Members because of a breach. MMRG failed, however, to take adequate cybersecurity measures to prevent the Data Breach from occurring.

**The Data Breach Exposed Plaintiffs and Class Members
to Identity Theft and Out-of-Pocket Losses**

29.     Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of their rights. They are incurring and will continue to incur such damages in addition to any fraudulent use of their PII and PHI.

30.     Despite all the publicly available knowledge of known and foreseeable consequences of the disclosure of PII and PHI, MMRG's policies and practices with respect to maintaining the security of Plaintiffs' and Class Members' PII and PHI were reckless, or at the very least, negligent.

31.     In virtually all contexts, the expenditure of time has consistently been recognized as compensable, and for many people, it is the basis on which they are compensated. Plaintiffs and Class Members should be compensated for the time they have expended because of MMRG's misfeasance.

32.     Once PII and PHI are stolen, fraudulent use of that information and damage to victims may continue for years. Consumer victims of data breaches are more likely to become

victims of identity fraud.[9]

33.    As a result of the wide variety of injuries that can be traced to the Data Breach, Plaintiffs and Class Members have and will continue to suffer financial loss and other actual harm for which they are entitled to damages, including, but not limited to, the following:

a.    losing the inherent value of their PII and PHI;

b.    identity theft and fraud resulting from the theft of their PII and PHI;

c.    costs associated with the detection and prevention of identity theft;

d.    costs associated with purchasing credit monitoring, credit freezes, and identity theft protection services;

e.    lowered credit scores resulting from credit inquiries following fraudulent activities;

f.    costs associated with time spent and the loss of productivity or the enjoyment of one's life from taking time to address and attempt to mitigate and address the actual and future consequences of the Data Breach, including discovering fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposing withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with the repercussions of the Data Breach; and

g.    the continued imminent injury flowing from potential fraud and identify theft posed by their PII and PHI being in the possession of one or more unauthorized third parties.

### MMRG's Lax Security Violates HIPAA

34.    MMRG had a non-delegable duty to ensure that all PHI it collected and stored was secure.

35.    MMRG is bound by HIPAA (*see* 45 C.F.R. § 160.102) and, as a result, is required

---

[9]   2014 LexisNexis True Cost of Fraud Study (available at https://www.lexisnexis.com/risk/downloads/assets/true-cost-fraud-2014.pdf) (last accessed Jan. 18, 2024).

to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule ("Security Standards for the Protection of Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

36.    These rules establish national standards for the protection of patient information, including protected health information, defined as "individually identifiable health information" which either "identifies the individual" or where there is a "reasonable basis to believe the information can be used to identify the individual," that is held or transmitted by a healthcare provider. See 45 C.F.R. § 160.103.

37.    HIPAA limits the permissible uses of "protected health information" and prohibits unauthorized disclosures of "protected health information."

38.    HIPAA requires that MMRG implement appropriate safeguards for this information.

39.    Despite these requirements, MMRG failed to comply with its duties under HIPAA and its own Privacy Practices. In particular, MMRG failed to:

    a.  maintain an adequate data security system to reduce the risk of data breaches and cyber-attacks;

    b.  adequately protect Plaintiffs' and Class Members' PHI;

    c.  ensure the confidentiality and integrity of electronic PHI created, received, maintained, or transmitted, in violation of 45 C.F.R. § 164.306(a)(1);

    d.  implement technical policies and procedures for electronic information systems that maintain electronic PHI to allow access only to those persons or software

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

programs that have been granted access rights, in violation of 45 C.F.R. § 164.312(a)(1);

e. implement adequate policies and procedures to prevent, detect, contain, and correct security violations, in violation of 45 C.F.R. § 164.308(a)(1)(i);

f. implement adequate procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports, in violation of 45 C.F.R. § 164.308(a)(1)(ii)(D);

g. protect against reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information, in violation of 45 C.F.R. § 164.306(a)(3);

h. ensure compliance with the electronic PHI security standard rules by its workforce, in violation of 45 C.F.R. § 164.306(a)(4); and/or

i. train all members of its workforce effectively on the policies and procedures with respect to PHI as necessary and appropriate for the members of its workforce to carry out their responsibilities and to maintain security of PHI, in violation of 45 C.F.R. § 164.530(b)

40. MMRG failed to comply with its duties under HIPAA despite being aware of the risks associated with unauthorized access to Plaintiffs' and Class Members' PHI.

**MMRG Violated FTC Guidelines**

41. The Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, prohibited MMRG from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain

reasonable and appropriate data security for consumers' PII and PHI is an "unfair practice" in violation of the FTC Act. *See, e.g., Fed. Trade Comm'n v. Wyndham Worldwide Corp*., 799 F.3d 236 (3d Cir. 2015).

42.    The FTC has promulgated several guides for businesses that reflect the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.[10]

43.    In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established data security guidelines for businesses.[11] The guidelines reflect that businesses should protect the PII and PHI that they keep; properly dispose of PII and PHI that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

44.    The FTC further recommends that companies not maintain PII and PHI longer than is needed for authorization of a transaction; limit access to confidential data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.[12]

---

[10] Federal Trade Commission, Start With Security: A Guide for Business (available at https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf) (last accessed Mar. 15, 2024).

[11] Federal Trade Commission, Protecting Personal Information: A Guide for Business (available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf) (last accessed Mar. 15, 2024).

[12] FTC, *Start With Security*, *supra*.

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

45.     The FTC has brought enforcement actions against businesses for failing to protect customer data adequately and reasonably, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

46.     MMRG failed to properly implement basic data security practices. MMRG's failure to employ reasonable and appropriate measures to protect against unauthorized access to Plaintiffs' and Class Members' PII and PHI constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

47.     MMRG was at all times fully aware of its obligation to protect Plaintiffs' and Class Members' PII and PHI because of its position as a healthcare services provider. MMRG was also aware of the significant repercussions that would result from its failure to do so.

## CLASS ACTION ALLEGATIONS

48.     Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a Class as defined below:

> All persons in the United States and its territories whose PII and/or PHI was compromised in the Data Breach.

49.     Excluded from the Class are MMRG, any entity in which MMRG has a controlling interest, and MMRG's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff.

50.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class as additional information becomes available to Plaintiff.

51.     **Numerosity:** The Class Members are so numerous that individual joinder of all Class Members is impracticable. MMRG disclosed that the Data Breach affected at least 199,873 individuals. All Class Members' names and addresses are available from MMRG's records, and Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

52.     **Commonality:** There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a.   Whether and to what extent MMRG had a duty to protect the PII and PHI of Class Members;

    b.   Whether MMRG was negligent in collecting and storing Plaintiffs' and Class Members' PII and PHI;

    c.   Whether MMRG had duties not to disclose the PII and PHI of Class Members to unauthorized third parties;

    d.   Whether MMRG took reasonable steps and measures to safeguard Plaintiffs' and Class Members' PII and PHI;

    e.   Whether MMRG failed to adequately safeguard the PII and PHI of Class Members;

    f.   Whether MMRG failed to implement and maintain reasonable security policies and practices appropriate to the nature and scope of the PII and PHI compromised in the Data Breach;

    g.   Whether MMRG adequately, promptly, and accurately informed Plaintiffs and Class Members that their PII and PHI had been compromised;

    h.   Whether Plaintiffs and Class Members are entitled to actual damages, statutory damages, and/or punitive damages because of MMRG's wrongful conduct;

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

i.  Whether Plaintiffs and Class Members are entitled to restitution because of MMRG's wrongful conduct;

j.  Whether Plaintiffs and Class Members are entitled to injunctive relief to redress the imminent and ongoing harm they face because of the Data Breach; and

k.  Whether Plaintiffs and Class Members are entitled to identity theft protection for their respective lifetimes.

53.  **Typicality:** Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' PII and PHI, like that of every other Class Member, was disclosed by MMRG. Plaintiffs' claims are typical of those of the other Class Members because, *inter alia*, all Class Members were injured through MMRG's common misconduct. Plaintiffs are advancing the same claims and legal theories individually and on behalf of all other Class Members, and there are no defenses that are unique to Plaintiff. Plaintiffs' claims and Class Members' claims arise from the same operative facts and are based on the same legal theories.

54.  **Adequacy:** Plaintiffs are adequate representatives of the Class because Plaintiffs are members of the Class and are committed to pursuing this matter against MMRG to obtain relief for the Class. Plaintiffs have no conflicts of interest with the Class. Plaintiffs' counsel are competent and experienced in litigating class actions, including extensive experience in data breach litigation. Plaintiffs intend to vigorously prosecute this case and will fairly and adequately protect the Class's interests.

55.  **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because MMRG has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making final injunctive relief appropriate

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

with respect to the Class as a whole. MMRG's policies challenged herein apply to and affect Class Members uniformly and Plaintiffs' challenge of these policies hinges on MMRG's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

56.     **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like MMRG. Even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

57.     The nature of this action and the nature of laws available to Plaintiffs and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and Class Members for the wrongs alleged because MMRG would necessarily gain an unconscionable advantage in non-class litigation, since MMRG would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced by Class Members and will establish the right of each Class Member to recover on the causes of action

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

58.    The litigation of Plaintiffs' claims is manageable. MMRG's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with maintenance of this lawsuit as a class action.

59.    Adequate notice can be given to Class Members directly using information maintained in MMRG's records.

60.    Unless a class-wide injunction is issued, MMRG may continue to maintain inadequate security with respect to the PII and PHI of Class Members, MMRG may continue to refuse to provide proper notification to Class Members regarding the Data Breach, and MMRG may continue to act unlawfully as set forth in this Complaint.

61.    MMRG has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate.

**COUNT I**
**NEGLIGENCE**
**(on behalf of Plaintiffs and the Class)**

62.    Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

63.    MMRG knowingly collected, came into possession of, and maintained Plaintiffs' and Class Members' PII and PHI, and had a duty to exercise reasonable care in safeguarding, securing and protecting such information from being compromised, lost, stolen, misused,

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

and/or disclosed to unauthorized parties. That duty included, among other things, designing, maintaining, and testing MMRG's security protocols to ensure that Plaintiffs' and Class Members' PII and PHI in MMRG's possession was adequately secured and protected, that Plaintiffs' and Class Members' PII and PHI on MMRG's networks was not accessible to criminals without authorization, and that MMRG's employees tasked with maintaining such information were adequately trained on security measures regarding the security of Plaintiffs' and Class Members' PII and PHI.

64.    Plaintiffs and Class Members entrusted their PII and PHI to MMRG with the understanding that MMRG would safeguard their information, use their PII and PHI for business purposes only, and not disclose their PII and PHI to unauthorized third parties.

65.    MMRG knew or reasonably should have known that a failure to exercise due care in the collecting, storing, and using Plaintiffs' and Class Members' PII and PHI involved an unreasonable risk of harm to Plaintiffs and Class Members.

66.    MMRG also had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiffs' and Class Members' PII and PHI.

67.    A breach of security, unauthorized access, and resulting injury to Plaintiffs and Class Members was reasonably foreseeable, particularly in light of prior data breaches and disclosures prevalent in today's digital landscape.

68.    Plaintiffs and Class Members were the foreseeable and probable victims of any inadequate security practices and procedures. MMRG knew or should have known of the inherent risks in collecting and storing Plaintiffs' and Class Members' PII and PHI, the critical importance of providing adequate security of that information, the necessity for encrypting PII

and PHI stored on MMRG's systems, and that it had inadequate IT security protocols in place to secure Plaintiffs' and Class Members' PII and PHI.

69.    MMRG's misconduct created a foreseeable risk of harm to Plaintiffs and Class Members. MMRG's misconduct included, but was not limited to, failure to take the steps and opportunities to prevent the Data Breach as set forth herein.

70.    Plaintiffs and Class Members had no ability to protect their PII and PHI that was in MMRG's possession.

71.    MMRG was in a position to protect against the harm suffered by Plaintiffs and Class Members as a result of the Data Breach.

72.    MMRG had, and continues to have, a duty to timely disclose that Plaintiffs' and Class Members' PII and PHI within its possession was compromised and precisely the type(s) of information that were compromised.

73.    MMRG had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiffs' and Class Members' PII and PHI.

74.    MMRG systematically failed to provide adequate security for data in its possession.

75.    MMRG, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiffs' and Class Members' PII and PHI within its possession.

76.    MMRG, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiffs' and Class Members' PII and PHI.

77.    MMRG, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiffs and Class Members that the PII and PHI within its possession might have been compromised and precisely the type of information compromised.

78.    MMRG's breach of duties owed to Plaintiffs and Class Members caused Plaintiffs' and Class Members' PII and PHI to be compromised.

79.    But for all of MMRG's acts of negligence detailed above, including allowing cyber criminals to access its systems containing Plaintiffs' and Class Members' PII and PHI would not have been compromised.

80.    Plaintiffs never transmitted their own unencrypted PII and PHI over the internet or any other unsecured source.

81.    Following the Data Breach, Plaintiffs' PII and PHI has been seized by unauthorized third parties who are now free to exploit and misuse that PII and PHI, and Plaintiffs are unable to prevent its further dissemination. Plaintiffs' PII and PHI are forever compromised.

82.    But for the Data Breach, Plaintiffs would not have incurred the loss and publication of their PII and PHI and other injuries.

83.    There is a close causal connection between MMRG's failure to implement security measures to protect Plaintiffs' and Class Members' PII and PHI and the harm suffered, or risk of imminent harm suffered by Plaintiffs and Class Members. Plaintiffs' and Class Members' PII and PHI were accessed and compromised as the proximate result of MMRG's failure to exercise reasonable care in safeguarding such PII and PHI by adopting, implementing, and maintaining appropriate security measures and encryption.

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

84.    Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records, monitoring, loss of privacy, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent use of their PII and PHI.

85.    As a result of MMRG's negligence and breach of duties, Plaintiffs and Class Members are in danger of imminent harm in that their PII and PHI, which are still in the possession of third parties, will be used for fraudulent purposes.

86.    Plaintiffs seek the award of actual damages on behalf of themselves and the Class.

87.    Plaintiffs seek injunctive relief on behalf of the Class in the form of an order (1) compelling MMRG to institute appropriate data collection and safeguarding methods and policies with regard to PII and PHI; and (2) compelling MMRG to provide detailed and specific disclosure of what types of PII and PHI have been compromised as a result of the data breach.

**COUNT II**
**BREACH OF EXPRESS CONTRACT**
**(on behalf of Plaintiffs and the Class)**

88.    Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

89.    Plaintiffs and Class Members entered into valid and enforceable contracts through which they paid money to MMRG in exchange for services. Those contracts included promises by MMRG to secure, safeguard, and not disclose Plaintiffs' and Class Members' PII and PHI.

90.    MMRG's Notice of Privacy Practices memorialized the rights and obligations of MMRG and its affiliates' patients. This document was, upon information and belief, provided

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

to Plaintiffs and Class Members in a manner in which it became part of the agreement for services.

91.    In the Notice of Privacy Practices, MMRG commits to protecting the privacy and security of PII and PHI and promises to never share Plaintiffs' and Class Members' PII and PHI except under certain limited circumstances.

92.    Plaintiffs and Class Members fully performed their obligations under their contracts with MMRG.

93.    However, MMRG did not secure, safeguard, and/or keep private Plaintiffs' and Class Members' PII and PHI. MMRG therefore breached its contracts with Plaintiffs and Class Members.

94.    MMRG allowed third parties to access, copy, and/or exfiltrate Plaintiffs' and Class Members' PII and PHI without permission. MMRG therefore breached the Notice of Privacy Practices to Plaintiffs and Class Members.

95.    MMRG's failure to satisfy its confidentiality and privacy obligations, specifically those arising under the FTCA, HIPAA, and applicable industry standards, diminished the value of the services MMRG provided to Plaintiffs and Class Members.

96.    As a result, Plaintiffs and Class Members have been harmed, damaged, and/or injured as described herein, including by MMRG's failure to fully perform its part of its bargain with Plaintiffs and Class Members.

97.    As a direct and proximate result of MMRG's conduct, Plaintiffs and Class Members suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT III
## <u>INVASION OF PRIVACY</u>
### (on behalf of Plaintiffs and the Class)

98.     Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

99.     Plaintiffs and Class Members had a reasonable expectation of privacy in the PII and PHI MMRG mishandled.

100.    MMRG's conduct as alleged above intruded upon Plaintiffs' and Class Members' seclusion under common law.

101.    By intentionally failing to keep Plaintiffs' and Class Members' PII and PHI safe, and by intentionally misusing and/or disclosing said information to unauthorized parties for unauthorized use, MMRG intentionally invaded Plaintiffs' and Class Members' privacy by:

   a. Intentionally and substantially intruding into Plaintiffs' and Class Members' private affairs in a manner that identifies Plaintiffs and Class Members and that would be highly offensive and objectionable to an ordinary person;

   b. Intentionally publicizing private facts about Plaintiffs and Class Members, which is highly offensive and objectionable to an ordinary person; and

   c. Intentionally causing anguish or suffering to Plaintiffs and Class Members.

102.    MMRG knew that an ordinary person in Plaintiffs' or Class Members' position would consider MMRG's intentional actions highly offensive and objectionable.

103.    MMRG invaded Plaintiffs' and Class Members' right to privacy and intruded into Plaintiffs' and Class Members' private affairs by intentionally misusing and/or disclosing their PII and PHI without their informed, voluntary, affirmative, and clear consent.

104.    MMRG intentionally concealed from and delayed reporting to Plaintiffs and Class Members a security incident that resulted in the misuse and/or disclosure of their PII and PHI without their informed, voluntary, affirmative, and clear consent.

105.    As a proximate result of such intentional misuse and disclosures, Plaintiffs' and Class Members' reasonable expectations of privacy in their PII and PHI was unduly frustrated and thwarted. MMRG's conduct amounted to a substantial and serious invasion of Plaintiffs' and Class Members' protected privacy interests causing anguish and suffering such that an ordinary person would consider MMRG's intentional actions or inaction highly offensive and objectionable.

106.    In failing to protect Plaintiffs' and Class Members' PII and PHI, and in intentionally misusing and/or disclosing their PII and PHI, MMRG acted with intentional malice and oppression and in conscious disregard of Plaintiffs' and Class Members' rights to have such information kept confidential and private. Plaintiffs, therefore, seek an award of damages on behalf of themselves and the Class.

107.    As a direct and proximate result of MMRG's conduct, Plaintiffs and Class Members are entitled to damages, including compensatory, punitive, and/or nominal damages, in an amount to be proven at trial.

**COUNT IV**
**UNJUST ENRICHMENT**
**(on behalf of Plaintiffs and the Class)**

108.    Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

109.    Plaintiffs and Class Members have an interest, both equitable and legal, in their PII and PHI that was conferred upon, collected by, and maintained by MMRG and that was stolen in the Data Breach.

110.    MMRG benefitted from the conferral upon it of Plaintiffs' and Class Members' PII and PHI, and by its ability to retain and use that information. MMRG understood that it so benefitted.

111.    MMRG also understood and appreciated that Plaintiffs' and Class Members' PII and PHI was private and confidential and that its value depended upon MMRG maintaining its privacy and confidentiality.

112.    But for MMRG's willingness and commitment to maintain its privacy and confidentiality, that PII and PHI would not have been transferred to and entrusted with MMRG. Further, if MMRG had disclosed that its data security measures were inadequate, MMRG would not have been permitted to continue in operation by regulators and the financial marketplace.

113.    As a result of MMRG's wrongful conduct as alleged in this Complaint (including, among other things, their failure to employ adequate data security measures, their  continued maintenance and use of Plaintiffs' and Class Members' PII and PHI without having adequate data security measures, and its other conduct facilitating the theft of that PII and PHI), MMRG has been unjustly enriched at the expense of, and to the detriment of, Plaintiffs and Class Members.

114.    MMRG's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein, including the compilation and use of Plaintiffs' and Class

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

Members' sensitive PII and PHI, while at the same time failing to maintain that information secure from intrusion and theft by hackers.

115.    Under the common law doctrine of unjust enrichment, it is inequitable for MMRG to be permitted to retain the benefits it received, and is still receiving, without justification, from the use of Plaintiffs' and Class Members' PII and PHI in an unfair and unconscionable manner. MMRG's retention of such benefits under circumstances making it inequitable to do so constitutes unjust enrichment.

116.    The benefit conferred upon, received, and enjoyed by MMRG was not conferred officiously or gratuitously, and it would be inequitable and unjust for MMRG to retain the benefit.

**COUNT V**
**VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT**
**<u>A.R.S. §§ 44-1521, et seq.</u>**
**(on behalf of Plaintiffs and the Class)**

117.    Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

118.    MMRG sold Plaintiffs and Class Members "merchandise" as that term is defined by A.R.S. § 44-1521, in the form of services, including healthcare services, as well as the sale of objects, wares, goods, and commodities at outlets where MMRG and its affiliates accepted payment cards in point-of-sale transactions.

119.    Section 44-1522 of the Arizona Consumer Fraud Act provides:

The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale

or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

See A.R.S. § 44-1522(A).

120.    MMRG used deception, used a deceptive act or practice, and fraudulently omitted and concealed material facts in connection with the sale or advertisement of that merchandise in violation of A.R.S. § 44-1522(A).

121.    MMRG omitted and concealed material facts, which it knew about and had the duty to disclose—namely, MMRG's inadequate privacy and security protections for Plaintiffs' and Class Members' PII and PHI. MMRG omitted and concealed those material facts even though in equity and good conscience those facts should have been disclosed and did so with the intent that others would rely on the omission, suppression, and concealment.

122.    The concealed facts are material in that they are logically related to the transactions at issue and rationally significant to the parties in view of the nature and circumstances of those transactions.

123.    Plaintiffs do not allege any claims based on any affirmative misrepresentations by MMRG; rather, Plaintiffs allege that MMRG omitted, failed to disclose, and concealed material facts and information as alleged herein, despite its duty to do so.

124.    MMRG knew or should have known that its computer system and data security practices were inadequate to safeguard Plaintiffs' and Class Members' PII and PHI, and that the risk of a data breach or theft was highly likely. MMRG's actions in engaging in these deceptive acts and practices were negligent, knowing and willful, and wanton and reckless with respect to the rights of Plaintiffs and Class Members.

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

125.    Specifically, MMRG failed to comply with the standards outlined by the FTC and HIPAA regarding the protection of PII and PHI. As a healthcare institution, MMRG was or should have been aware of these standards. MMRG's data security systems did not comply with FTC guidelines or HIPAA's rules and, as a result, were operating below the minimum standards set forth.

126.    Plaintiffs and Class Members were ignorant of the truth and relied on the concealed facts and incurred damages as a consequent and proximate result.

127.    Plaintiffs and Class Members seek all available relief under A.R.S. §§ 4421, *et seq.*, including, but not limited to, compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

**COUNT VI**
**INJUNCTIVE/DECLARATORY RELIEF**
**(on behalf of Plaintiffs and the Class)**

128.    Plaintiffs re-allege and incorporate by reference herein all the allegations contained in the preceding paragraphs.

129.    MMRG owes a duty of care to Plaintiffs and Class Members requiring it to adequately secure PII and PHI.

130.    MMRG still stores Plaintiffs' and Class Members' PII and PHI.

131.    Since the Data Breach, MMRG has announced no specific changes to its data security infrastructure, processes, or procedures to fix the vulnerabilities in its computer systems and/or security practices which permitted the Data Breach to occur and, thereby, prevent similar incidents from occurring in the future.

132.    MMRG has not satisfied its legal duties to Plaintiffs and Class Members.

133.    Actual harm has arisen in the wake of the Data Breach regarding MMRG's duties of care to provide security measures to Plaintiffs and Class Members. Further, Plaintiffs and Class Members are at risk of additional or further harm due to the exposure of their PII and PHI, and MMRG's failure to address the security failings that led to that exposure.

134.    Plaintiff, therefore, seeks a declaration: (a) that MMRG's existing security measures do not comply with its duties of care to provide adequate security; and (b) that to comply with its duties of care, MMRG must implement and maintain reasonable security measures, including, but not limited to, the following:

a.  ordering that MMRG engage third-party security auditors as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on MMRG's systems on a periodic basis, and ordering MMRG to promptly correct any problems or issues detected by such third-party security auditors;

b.  ordering that MMRG engage third-party security auditors and internal personnel to run automated security monitoring;

c.  ordering that MMRG audit, test, and train its security personnel regarding any new or modified procedures;

d.  ordering that MMRG segment PII and PHI by, among other things, creating firewalls and access controls so that if one area of MMRG's system is compromised, hackers cannot gain access to other portions of MMRG's system;

e.  ordering that MMRG purge, delete, and destroy in a reasonably secure manner PII and PHI not necessary for its provision of services;

f.  ordering that MMRG conduct regular computer system scanning and security checks; and

g.  ordering that MMRG routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, individually and on behalf of all others similarly situated, pray for relief as follows:

    a.  for an Order certifying the Class as defined herein, and appointing Plaintiffs and their counsel to represent the Class;

    b.  for equitable relief enjoining MMRG from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiffs' and Class Members' PII and PHI, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiffs and Class Members;

    c.  for equitable relief compelling MMRG to use appropriate cybersecurity methods and policies with respect to PII and PHI collection, storage, and protection, and to disclose with specificity to Class Members the types of PII and PHI compromised;

    d.  for an award of damages, including actual, nominal, consequential, enhanced compensatory, and punitive damages, as allowed by law in an amount to be determined;

    e.  for an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

    f.  for prejudgment interest on all amounts awarded; and

    g.  such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 18, 2024.        Respectfully submitted,

                        */s/ Cristina Perez Hesano*

                        Cristina Perez Hesano, Esq.

                        **Perez Law Group, PLLC**

                        7508 North 59th Avenue

                        Glendale, Arizona 85301

                        cperez@perezlawgroup.com

PEREZ LAW GROUP, PLLC
7508 North 59th Avenue
Glendale, Arizona 85301

William "Billy" Peerce Howard
**THE CONSUMER PROTECTION FIRM, PLLC**
301 East Jackson Street, Suite 2340
Truist Place
Tampa, FL 33602
Phone: (813) 500-1500
billy@TheConsumerProtectionFirm.com

Bart D. Cohen
**BAILEY GLASSER LLP**
1622 Locust Street
Philadelphia, PA  19103
Phone: (215) 274-9420
bcohen@baileyglasser.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*